# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Russell Todd Leff, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-2001-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Bank of New York Mellon, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 3) filed by Defendants Bank of New York Mellon, Select Portfolio Servicing, Inc., and National Default Servicing Corporation. *Pro se* Plaintiff Russell Todd Leff filed a Response in opposition (ECF No. 8) and Defendants filed a Reply (ECF No. 13). For the reasons set forth herein, the Court will grant Defendants' Motion and dismiss Plaintiff's Complaint.

**I. BACKGROUND**

This case centers upon allegations that Defendants, in attempting to foreclose upon Plaintiff's residence, violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), tortiously invaded Plaintiff's Privacy, and committed acts of negligence. (Compl., ECF No. 1).[1]

Plaintiff is the owner of real property located at 5004 Walbrook Lane, Las Vegas, Nevada, 89148 ("the property"). (Grant, Bargain, Sale Deed, ECF No. 4-1).[2] Plaintiff purchased the property on April 28, 2005, under a Deed of Trust securing a $482,400 mortgage

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As matters of public record, the Court takes judicial notice of the documents submitted in support of Defendants' Motion to Dismiss, (Req. for Jud. Not., ECF No. 4). *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

loan, which named Countrywide Bank as the lender, CTC Real Estate Services as the trustee, and MERS as nominee and beneficiary. (Deed of Trust, ECF No. 4-2). On April 25, 2011, the beneficial interest under the Deed of Trust was assigned to Defendant New York Mellon. (Assignment, ECF No. 4-3). This assignment was recorded on April 27, 2011. (*Id.*). Recontrust Company, N.A., was substituted as trustee by a document that was recorded on September 1, 2011. (Substitution of Trustee, ECF No. 4-4).

Plaintiff admits that he defaulted upon the mortgage loan on January 1, 2009. (Compl. 3:4-6). Defendants recorded a Notice of Default and Election to Sell on October 10, 2014. (ECF No. 4-7).

Based upon Defendants' attempt to foreclose upon the property, Plaintiff sets forth claims for (1) violations of the FCRA; (2) invasion of privacy; (3) negligent hiring; (4) and violations of the FDCPA. (Compl. 8:9-17:18).

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. DISCUSSION**

In the instant Motion, Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address each of Plaintiff's claims in turn. The Court also acknowledges at the outset that the Complaint filed in this case is in large part identical to the complaints filed in *Aquino v. PNC Mortgage*, No. 2:15-cv-0068-

GMN-GWF, 2015 WL 6432944 (D. Nev. Oct. 21, 2015), and *Hernandez v. Wells Fargo Home Mortgage,* No. 2:14-cv-1500-JCM-VCF, 2015 WL 1204985 (D. Nev. Mar. 16, 2015).

### A. Violations of the FCRA

While it is not entirely clear, Plaintiff's first cause of action appears to allege a violation of Sections 1681e(b) and 1681s-2(b) of the FCRA, 15 U.S.C. § 1681 *et seq.* against Defendants. *See* (Compl. 8:9-12:2). Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007).

Plaintiff alleges that Defendants violated Section 1681e(b) of the FCRA by failing "to maintain, and . . . follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report." (Compl. 9:26-28). However, by its clear terms, § 1681e(b) applies only to consumer reporting agencies ("CRAs"). 15 U.S.C. § 1681e(b). Plaintiff does not allege that any of Defendants are CRAs.

With regard to the allegations related to Plaintiff's claim that Defendants violated Section 1681s-2(b), Plaintiff alleges, "On or about October 28, 2014, Plaintiff obtained his consumer credit report from the major credit-reporting agencies. Plaintiff discovered Defendants were illegally reporting the alleged debt to the credit-reporting agencies. Plaintiff on November 17, 2014 filed disputes with the credit reporting agencies." (Compl. 5:27-6:4). Section 1681s–2(b) imposes certain duties on those who furnish information to CRAs upon notice of a dispute. However, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009).

Here, Plaintiff does not allege that Defendants received notice of dispute from a CRA. Furthermore, even if the Court were to construe the Complaint as alleging that Defendants had

1  received a notice of dispute, the Complaint contains only conclusory allegations implying that
2  Defendants' response was insufficient pursuant to the FCRA. *See* (Compl. 9:26-28) ("Plaintiff
3  attests that . . . the Defendants failed to maintain, and failed to follow reasonable procedures to
4  assure maximum possible accuracy of Plaintiffs credit report, concerning the accounts in
5  question, thus violating U.S.C. §1681, et seq.  Further, Plaintiff alleges that Defendants failed
6  to conduct a proper and lawful reinvestigation.").  Accordingly, the Court finds that Plaintiff
7  has failed to state a claim for relief that is plausible on its face, and Plaintiff's claim arising
8  under the FCRA will be dismissed.

**B. Invasion of Privacy**

Plaintiff's second cause of action asserts a claim of invasion of privacy against Defendants. (Compl. 12:3-20).  In support of this claim, Plaintiff alleges that Defendants improperly obtained his personal and private information, resulting in an invasion of his privacy. (*Id.* at 12:11-13).  Plaintiff also states, without elaboration, that Defendants "may also be guilty of identity theft under the state and federal law." (*Id.* at 12:16-17).

"A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v. River City Grp., LLC*, No. 3:11-cv-0885-LRH-WGC, 2012 WL 1684598, at *4 (D. Nev. May 11, 2012).  The tort has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups. *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994).

Plaintiff's invasion of privacy claim fails for multiple reasons.  First, the Court finds that Plaintiff's claim is preempted by federal law.  Section 1681t(b) of the FCRA, which discusses the statute's relationship to state laws, reads in pertinent part:

No requirement or prohibition may be imposed under the laws of any State—
(1) with respect to any subject matter regulated under—

1  (F) section 1681s-2 of this title, relating to the responsibilities of persons who
2  furnish information to consumer reporting agencies . . . .
3 15 U.S.C.A. § 1681t(b).  The Ninth Circuit has recognized a tension between § 1681t(b)(1)(F),
4 which appears "to preempt all state law claims based on a creditor's responsibilities under §
5 1681s2," and § 1681h(e), which "suggests that [invasion of privacy] claims can proceed against
6 creditors as long as the plaintiff alleges falsity and malice." *Gorman*, 584 F.3d at 1166.
7 Though the Ninth Circuit has not settled the issue, the Court finds the holding of *O'Connor v.*
8 *Capital One, N.A.*, persuasive in this case. No. 14-cv-0177-KAW, 2014 WL 2215965 (N.D.
9 Cal. May 29, 2014).
10  "Courts have interpreted § 1681t(b)(1)(F) to preclude all state common law and statutory
11 claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit
12 information to only the remedies provided under the FCRA." *O'Connor*, 2014 WL 2215965, at
13 *8 (internal quotations omitted); *Miller v. Bank of Am ., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1124
14 (S.D. Cal. 2012).
15  Here, Plaintiff's causes of action rely on Defendants' purported status as "debt
16 collectors." *See* (Compl. 7:8).  In this respect, the alleged invasion of privacy—Defendants'
17 improper obtainment of Plaintiff's social security number—is regulated by federal law and, as
18 such, is preempted by the FCRA. *See O'Connor*, 2014 WL 2215965, at *8.
19  However, even if Plaintiff's claim were not preempted, Plaintiff has failed to state a
20 viable claim for relief.  Plaintiff has not alleged any facts which suggest an intrusion occurred
21 that would be "highly offensive to a reasonable person."  Indeed, Plaintiff fails to make any
22 allegation indicating that an "intentional intrusion" occurred at all.  Thus, there are no facts to
23 suggest a plausible claim for relief.  Accordingly, the Court will dismiss this claim.
24  **C. Negligent Hiring**
25  Plaintiff's third cause of action asserts that Defendants negligently hired or supervised

1  their employees. Specifically, Plaintiff asserts that:

> Defendants were aware of their wrongful conduct in creating an alleged debt of which the Plaintiff is not obligated; [a]dditionally, Plaintiff is not able to discern the amount and character of the alleged debt. Defendants knew and approved of its [sic] unscrupulous employees and agents, attorney debt collectors, and debt collection actions against the Plaintiff. Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised unscrupulous debt collectors . . . .

(Compl. 12:28-13:4).

"To state a claim for negligent training and supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Montes v. Bank of Am. NA.*, 2:13-cv-660-RCJ-VCF, 2013 WL 5882778, at *7 (D. Nev. Oct. 30, 2013) (citing *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013)).

"Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke*, 927 F. Supp. 2d at 1028. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id.*

Claims for negligent hiring, on the other hand, depend on an employer breaching its "general duty . . . to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1227 (1996) (quoting *Burnett v. C.B.A. Security Serv.*, 107 Nev. 787, 789 (1991)).

In his Complaint, Plaintiff failed to plead any facts to establish that Defendants knew or should have known that their employees would behave wrongfully, or even that Plaintiff was treated wrongfully by Defendants' employees at all. In addition, Plaintiff has not alleged that

Defendants failed to conduct reasonable background checks, or alleged any facts which indicates negligence in their hiring processes.

Furthermore, Plaintiff's cause of action is premised on the alleged debt collection being wrongful conduct. *See* (Compl. 12:28-13:8). However, as discussed below, Plaintiff has failed to plead facts that suggest Defendants are debt collectors as defined by the FDCPA, or that Defendants actually engaged in any debt collection activity. Therefore, Plaintiff has failed to plead facts that give rise to a reasonable inference that conduct undertaken by Defendants' employees was wrongful. Accordingly, Defendants' Motion to Dismiss will be granted as to this claim.

**D. Violations of the FDCPA**

In his fourth cause of action, Plaintiff alleges that Defendants violated provisions of the FDCPA, 15 U.S.C. § 1692. The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995).

"In order to establish a claim under the FDCPA, [a] plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *Gutierrez v. Wells Fargo Bank*, C 08-5586-SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); *see also Spartalian v. Citibank, N.A.*, No. 2:12-cv-0742-MMD-PAL, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).

Plaintiff alleges that he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and that the debt arises out of a transaction incurred for household purposes. *See* (Compl. 13:19-21). Defendants do not challenge these allegations, but instead argues that Plaintiff's FDCPA claims fail as a matter of law because Plaintiff has failed to plead factual content

1 indicating that Defendants are debt collectors or that Defendants violated any of the
2 aforementioned provisions. The Court agrees.
3      In order to be liable under the FDCPA, Defendants must fall within the statutory
4 definition of "debt collector" and must have been engaged in the collection of a debt. *Gutierrez*,
5 2009 WL 322915, at *2; *see Izenberg v. ETS Servs. LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D.
6 Cal. 2008). A "debt collector" is defined as (1) "any person who uses any instrumentality of
7 interstate commerce or the mails in any business the principal purpose of which is the
8 collection of any debts, or (2) who regularly collects or attempts to collect, directly or
9 indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
10      "The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal
11 that a creditor cannot be [a] debt collector[], has held that a plaintiff must plead factual content
12 that allows the court to draw the reasonable inference that [a defendant] is a debt collector."
13 *O'Connor*, 2014 WL 2215965, at *5; *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204,
14 1208 n.2 (9th Cir. 2013). Although this factual content need not be particularly detailed, Rule 8
15 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a
16 cause of action." *Iqbal*, 556 U.S. at 678.
17      Although Plaintiff repeatedly refers to Defendants as "debt collectors," *see, e.g.*,
18 (Compl. 13:20), Plaintiff has not set forth allegations showing that this is the case. Plaintiff
19 merely asserts that Defendants "continue to make attempts at extortion via erroneous credit
20 reporting and intending illegal foreclosure on Plaintiff's property." (Compl. 13:27-18).
21 Plaintiff fails to plead any facts that suggest (1) that the "principal purpose" of Defendants'
22 business is debt collection, (2) that Defendants regularly collect or attempt to collect, debts
23 owed or due another, or (3) that Defendants were assigned a defaulted loan for the purposes of
24 debt collection, which is generally required for a finding of debt collector status under the
25 FDCPA. *Brown v. U.S. Bank Nat'l Ass'n*, C 12-4587-HRL, 2013 WL 4538131, at *3 (N.D. Cal.

Aug. 23, 2013); *see also Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. Sept. 4, 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).  In other words, Plaintiff's conclusory allegations are devoid of substance.

Furthermore, in alleging a violation of the FDCPA, Plaintiff merely restates several provisions of 15 U.S.C. §§ 1692a-1692o, without pleading any facts which would suggest any one of these provisions has been violated.  For these reasons, the Court finds that Plaintiff fails to set forth a plausible claim for relief.  Therefore, Plaintiff's claim arising under the FDCPA will be dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED.**

**IT IS FURTHER ORDERED** that the notice of *lis pendens* filed and recorded by or on behalf of Plaintiff Russell Todd Leff upon the real property located at 5004 Walbrook Lane, Las Vegas, NV 89148 (APN # 163-29-515-010) with the Clark County Recorder's Office as instrument number 20141202-0003569 is hereby cancelled and expunged.

**IT IS FURTHER ORDERED** that Defendants shall record a copy of this Order with the Clark County Recorder's Office within seven (7) days of its issuance.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motions (ECF Nos. 9, 10, 11, 15, 16) are **DENIED AS MOOT**.

The Clerk shall enter judgment accordingly and close the case.

**DATED** this __11__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court